UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ST. LOUIS HEART CENTER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12CV174 CDP |
| | ) | |
| VEIN CENTERS FOR EXCELLENCE, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

On December 23, 2011, plaintiff St. Louis Heart Center, Inc. filed a three count complaint in the Circuit Court of St. Louis County against Vein Centers for Excellence, Inc.  The complaint alleged that Vein Centers violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, committed conversion, and violated the Missouri Merchandising Practices Act (MPA), Mo. Rev. Stat. § 407.010 *et seq*., in conjunction with several faxes the Heart Center allegedly received from Vein Centers.  On January 31, 2012, Vein Centers removed the case to this Court.

On February 7, 2012, Vein Centers filed three motions to dismiss.  The first motion sought to dismiss Count III which alleged an MPA violation.  On February 16, 2012, Heart Center filed its own motion to dismiss Count III without prejudice.

I granted Heart Center's motion to dismiss Count III by docket text order, which mooted Vein Centers' motion to dismiss Count III.

The second and third motions both relate to Count I.  Vein Centers argues that the request for class certification under TCPA should be dismissed because TCPA does not provide for private class actions.  Additionally, Vein Centers argues that the allegations related to the faxes at exhibits 1-3 of the Complaint should be dismissed, or in the alternative, stricken from the record because the statute of limitations has lapsed on those claims.  At this stage, I will deny the motion to dismiss the request for class certification, but I will grant the motion to the extent the allegation are outside the statute of limitations.  As such, the allegations regarding the faxes at exhibits 1-3 will be dismissed and exhibits 1-3 themselves will be striken from the record.

Motion to Dismiss Standard

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6).  The purpose of such a motion is to test the legal sufficiency of the complaint.  A complaint is only required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  When considering a 12(b)(6) motion, the court should assume all factual allegations of a complaint are true and construe them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326

(1989). The court, however, is not required to accept as true a legal conclusion couched as a factual allegation. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). While the complaint need not contain detailed factual allegations, the plaintiff must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

<u>Request for Class Certification</u>

Vein Centers argues that the TCPA does not authorize private class actions for two reasons. First, it argues that Congress could not have intended to authorize private class actions because the statutory damages available to individual plaintiffs, $500 to $1500 for each violation, are sufficient to punish offenders and incentivize plaintiffs to bring lawsuits on their own. Second, it argues that Congress only intended class actions to be brought by a state official because the TCPA authorizes a private right of action in two different subsections, then authorizes a state official to bring a suit on behalf of state citizens when a pattern or practice of violations is present in another subsection. Specifically, § 227(b)(3) sets out a private right of action for violations allowing an injunction, $500 per violation, or $1500 for willful or knowing violations. Section 277(b)(5) sets out a private right of action for a "person who receives more than one telephone call within any 12-month period by or on behalf of the same entity in violation" of the statute. § 277(f)(1), entitled "Actions by States," provides that

"[w]henever the attorney general of a State, or an official or agency designated by the state, has reason to believe that any person has engaged or is engaging in a pattern or practice of telephone calls or other transmissions to residents of that State in violation of this section or the regulations prescribed under this subsection, the state may bring a civil action on behalf of its residents . . .." Vein Centers argues that the inclusion of right of action by state officials on behalf of state citizens necessarily excludes such a right for private citizens and entities.

Heart Center argues that a ruling on this class certification issue is premature because class determinations require a rigorous analysis including discovery and briefing. It also points the Court to several state and federal courts that have certified class actions by private individuals or entities based on TCPA claims.

The United States Court of Appeals for the Third Circuit has addressed whether a class action is the superior method of handling claims under TCPA. *Landsman & Funk PC, v. Skinder-Strauss Ass.*, 640 F.3d 72, 91-95 (3d. Cir. 2011). It concluded that whether "individual statutory damages of $500 to $1500 are enough to both punish offenders and spur victims" is a question for Congress, and a trial court's determination that such damages are adequate would be an inappropriate substitution of judicial judgment for that of Congress. *Id.* at p. 94. It noted that "[h]ad Congress wanted to preclude aggregation of individual TCPA

claims, it could have so provided in the TCPA itself or in CAFA, which specifically lists certain types of statutory claims that could not be brought as class actions." *Id.* at 95 (citing 28 U.S.C. § 1332(d)).  The *Landsman* court also held that a class determination on a motion to dismiss would be premature because it is well settled that exploring whether a case meets the requirements of Federal Rule of Civil Procedure 23 requires a "rigorous analysis." *Id.* at 94.  I agree.

Although state and federal courts are split on this private class action certification issue, *see Local Banking Prod., Inc. v. Kosher Bagel Munch, Inc.*, 23 A3d 469, 476 (N.J. Super. A.D. 2011) (collecting cases), many decisions not to certify classes were based on the suggested class's inability to meet the requirements of state rules or Federal Rule of Civil Procedure 23, rather than a ban on private rights.  Further, the *Landsman* decision is supported by the rationale in *Califano v. Yamasaki*, 442 U.S. 682 (1979) (holding that "[t]he fact that the statute speaks in terms of an action brought by 'any individual' . . . does not indicate that the usual Rule providing for class actions is not controlling" and "a wide variety of federal jurisdictional provisions speak in terms of individual plaintiffs, but class relief has never been thought to be unavailable under them.") and *Karen S. Little, L.L.C. v. Drury Inns, Inc.*, 306 S.W.3d 577 (Mo. Ct. App. 2010) (holding that "[n]othing in the text of the statute, regulations or legislative history of the TCPA indicates that Congress intended to preclude class actions.").  Just because the

TCPA authorizes state officials to bring class actions does not clearly demonstrate that Congress intended to deprive the private individual or entity from its usual right to bring a class action case. I find nothing in the legislative history suggesting that Congress intended to exclude private class actions.

The legislative history does reveal that the private right of action was incorporated in a late amendment to Senate Bill S. 1462, which allows plaintiffs to appear in small claims courts to recover more than their actual damages, i.e., between $500 and $1500 per TCPA violation. *See Levine v. 9 Net Ave., Inc.*, No. A-1107-00T1, 2001 WL 34013297, at *1 (N.J. Super. A.D. 2001) (citing *Int'l Sci. & Tech. Inst. v. Inacom Comm'ns, Inc.*, 106 F.3d 1146, 1152–53 (4th Cir. 1997)).[1] It is fair to say "[t]he drafters recognized that damages from a single violation would ordinarily amount to only a few pennies worth of ink and paper usage." *Id.* (citing 137 Cong. Rec. S16205–06 (daily ed. Nov. 7, 1991) (statement of Sen. Hollings) ("[I]t would defeat the purposes of the bill if the attorneys' costs to

---

[1] Vein Centers cite to *Levine v. 9 Net Ave., Inc.*, No. A-1107-00T1, 2001 WL 34013297, at *1 (N.J. Super. A.D. 2001) as a court who "analyzed the possible effect of subsection (g) of the statute on private class actions . . . [and] clearly realized the importance of subsection (g) . . ., because it concluded that the availability of broad remedies to the state attorney general made state action . . . superior to a private class action for damages." I do not believe that anything in the opinion supports that proposition. The *Levine* court affirmed the denial of class certification based on the trial judge's determination that the suggested class did not met the predominance and superiority factors of the state rule holding that the "only question the court was to decide was whether a class action should be certified in this case." While it did consider the potential for an award beyond actual damages, it did not hold that private class actions were barred by TCPA because of subsection (g) or that class actions by state officers were the superior method.

consumers of bringing an action were greater than the potential damages.")).  It is also fair to say that after this consideration Congress provided an avenue for private plaintiffs to adjudicate matters in small claims court without an attorney.  I do not, however, believe that Congress demonstrated an intent to strip private individuals and entities of their rights under the Federal Rule of Civil Procedure 23 and the Class Action Fairness Act, 28 U.S.C. § 1332(d) by setting the available statutory damages above the actual damages.

Finally, the suggestion that *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012) supports Vein Centers' arguments is misplaced.  *Mims* is a jurisdictional analysis.  *Mims* simply held that "[t]he TCPA's permissive grant of jurisdiction to state courts does not deprive a U.S. district court of federal-question jurisdiction over private TCPA suits."  *Id.*  Nothing in the opinion supports the Heart Center's argument that the statute prohibits private class actions.  I will deny Vein Centers' motion to dismiss the request for class certification.  I will reserve my "rigorous analysis" of the motion for class certification, which Heart Center filed in the state court, until that motion has been fully briefed.

<u>Statute of Limitations</u>

Vein Centers also filed a motion to dismiss or strike the allegations related to the faxes at exhibits 1-3 of the Complaint because the statute of limitations has lapsed on those claims.  The statute of limitations issue warrants little discussion.

Claims under the TCPA arise under federal law. *Mims*, 132 S. Ct. at 749. The statute of limitations for TCPA violations is four years. *Sawyer v. Atlas Heating and Sheet Metal Works, Inc.*, 642 F.3d 560, 561 (7th Cir. 2011). Heart Center filed this case in the Circuit Court of St. Louis County on December 23, 2011. As a result, any allegations regarding faxes sent before December 23, 2007 are barred. I will, therefore, dismiss the claims outside the statute of limitations and strike exhibits 1-3.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss or in the alternative to strike allegations in Count I directed to the faxes at exhibit 1-3 of the Complaint [#10] is granted in part and denied in part. The claims related to the faxes at exhibits 1-3 are dismissed and exhibits 1-3 themselves are hereby striken from the record. Count I of the plaintiff's Complaint shall proceed only as to the alleged violations occurring on or after December 23, 2007.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss the request for class certification in Count I of the plaintiff's Complaint [#8] is denied.

**IT IS FINALLY ORDERED** that defendant shall file its answer within fourteen (14) days of the date of this order.

This case will be set for a Rule 16 Scheduling Conference by separate order, and the parties are reminded to include in their Proposed Joint Scheduling Plan all deadlines needed to resolve the class certification issue.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 14th day of March, 2012.