UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ST. LOUIS HEART CENTER, INC., individually and on behalf of all others similarly situated, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:12 CV 174 CDP |
| VEIN CENTERS FOR EXCELLENCE, INC., | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

On September 8, 2014, I ordered a stay in this case until the Eighth Circuit Court of Appeals issued a ruling in *Golan v. Veritas Entertainment, LLC,* Appeal No. 14-2484. That ruling was issued on June 8, 2015. The parties subsequently submitted memoranda regarding what relevance, if any, the decision in *Golan* has on the continued class certification in this case.

The Eighth Circuit in *Golan* reversed and remanded the district court's dismissal of a complaint for lack of standing and inadequacy of the class representatives. *Golan v. Veritas Entm't, LLC,* 788 F.3d 814, 816 (8th Cir. 2015). The court held that injury in fact, for the purposes of Article III standing, may be shown "solely by the invasion of a legal right that Congress created." *Id.* at 819.

Defendant Vein Centers acknowledges that the TCPA creates such a legal right, but argues that this holding is "problematic for plaintiffs in this case, because the legal right created by the TCPA is limited to those who can show they are recipients of the unsolicited fax from defendant." (Def.'s Mem. Re: *Golan v. Veritas Entm't, LLC*, Doc. 69, p. 2.) Defendant therefore requests class discovery to determine how many members of the putative class have constitutional standing to participate in the class.

Defendant relies on a case from the Eastern District of Michigan to support this position, which has now been reversed by the Sixth Circuit. See *Imhoff Inv., LLC, v. Alfoccino, Inc.*, 792 F.3d 627, 633 (6th Cir. 2015) (holding that "viewing or printing a fax advertisement is not necessary to suffer a violation of the statutorily-created right to have one's phone line and fax machine free of the transmission of unsolicited advertisements.")

In light of these cases, I find that anyone falling within the class definition[1] has statutory standing under the TCPA and constitutional standing under Article III. Additionally, since this standing is not dependent on whether the individual class members actually viewed or printed the fax advertisement – and Defendant

[1] The class has been defined as: All persons or entities who, between January 15, 2008 and September 15, 2009, were sent one or more telephone facsimile messages by Westfax on behalf of Vein Centers for Excellence, Inc. that did not inform the fax recipient both that (1) he or she may make a request to the sender of the advertisement not to send any future facsimile advertisements and that (2) failure to comply with the request, within 30 days, is unlawful.

has made no other argument justifying the need for class discovery – I find that the requested discovery is not necessary at this time.

Accordingly,

**IT IS HEREBY ORDERED** that the stay in this case is lifted, and defendant's renewed motion to decertify the class and to conduct discovery [#69] is denied.

**IT IS FURTHER ORDERED** that no later than **November 19, 2015,** counsel shall file a joint proposed schedule for all steps necessary to resolve this case. Counsel must file one joint proposal; if they cannot agree on an appropriate schedule, the joint proposal must set out their differences and what each side is proposing. After reviewing the joint proposal, the Court will determine whether a telephone conference is needed before entry of an Amended Case Management Order.

Catherine D Perry

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 4th day of November, 2015.