UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ST. LOUIS HEART CENTER, INC., individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>  vs.<br><br>VEIN CENTERS FOR EXCELLENCE, INC.,<br><br>      Defendant. | Case No. 4:12 CV 174 CDP |

## **MEMORANDUM AND ORDER**

Plaintiff St. Louis Heart Center, Inc. brought this action under the Telephone Consumer Protection Act, 47 U.S.C. 227(b)(1)(C), alleging that defendant Vein Centers for Excellence, Inc., a marketing firm that provides graphic design and other services to doctors, sent "junk faxes" to Heart Center and thousands of others. I certified a class under Rule 23, Fed.R.Civ.P., with Heart Center as the named representative. Notice was sent to potential class members and one opt out was returned. Plaintiff Heart Center has now filed for summary judgment seeking statutory damages for 35,211 unsolicited fax transmissions.

I granted Vein Centers leave of court to brief the impact of two recent court decisions on continued class certification in this case. The court decisions do not

mandate the decertification of the class here; however, based on the evidence before the court, no absent class member can prove class membership. Additionally, disputes of fact remain with regard to the named class representative. Plaintiff's motion for summary judgment will be denied.

**Background**

Around 2007 or 2008, defendant Vein Centers created form advertisements to be sent by fax. From various third parties, Vein Centers had obtained lists of thousands of fax numbers belonging to doctors and medical centers. Vein Centers sent the advertisements to fax broadcaster Westfax and instructed Westfax to send them out to the numbers on the lists. Before sending the lists of numbers to Westfax, Vein Centers' marketing coordinator Misty Mitra manually removed the numbers of Vein Centers' existing customers. Vein Centers did not call anyone on the lists to seek permission to send out the faxed advertisements, and it solely determined the target fax numbers to which the advertisements were sent. Per Vein Centers' instructions, Westfax faxed the advertisements. In total, Vein Centers hired Westfax to conduct 10 fax broadcasts, including one test. Westfax charged Vein Centers for 35,212 successful transmissions, but did not provide a list of the fax numbers which received the advertisements.

Plaintiff Heart Center is a corporation owned by cardiologist Ronald Weiss. It claims to have received multiple fax advertisements from Vein Centers,

including one that was part of a Westfax fax broadcast that went to over five thousand cardiologists on September 15, 2009. ECF No. 83 at ¶ 34. However, the Heart Center fax submitted as evidence looks to be dated "9/15/08," and Dr. Weiss testified in his deposition that he received it on September 15, 2008. ECF No. 5-4; ECF No. 83-2 at 34:6-36:22.

Heart Center filed this suit under the TCPA on behalf of itself and others who received fax advertisements from Vein Centers. Among other things, the TCPA "proscribes sending unsolicited advertisements to fax machines" unless they meet certain exceptions. *Mims v. Arrow Fin. Servs. LLC*, 132 S. Ct. 740, 745 (2012) (citing 47 U.S.C. § 227(b)(1)(C)). "The term 'unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5). The TCPA "imposes, on anyone who sends an unsolicited fax advertisement, statutory damages of $500 per fax, which can be trebled if the court finds that the violation was willful or knowing." *Sandusky*, 821 F.3d at 997 (quoting *Creative Montessori Learning Ctrs. v. Ashford Gear LLC*, 662 F.3d 913, 914 (7th Cir. 2011)); see also 47 U.S.C. § 227(b)(1)(C), (b)(3).

With Heart Center as the named representative, I certified a class under Rule 23, Fed.R.Civ.P., with the following class definition:

> All persons or entities who, between January 15, 2008 and September 15, 2009, were sent one or more telephone facsimile messages by Westfax on behalf of Vein Centers for Excellence, Inc. that did not inform the fax recipient both that (1) he or she may make a request to the sender of the advertisement not to send any future facsimile advertisements and that (2) failure to comply with the request, within 30 days, is unlawful.

Subsequently, the Eighth Circuit denied permission to Vein Centers to appeal the class certification decision. However, I stayed this action pending the resolution of the potentially-relevant Eighth Circuit case *Golan v. Veritas Entertainment, LLC.*, 788 F.3d 814 (8th Cir. 2015). Following the appellate court's ruling in *Golan*, I affirmed the certified class definition and found any potential class member to have standing to bring suit. See ECF No. 73. Using the lists of fax numbers that Vein Centers provided to Westfax for the unsolicited fax broadcasts (which include all the fax numbers that transmission was attempted to - not just the ones that transmission was successful to), class notice was sent to potential class members by fax and then U.S. Mail, if necessary. In response, one class member requested exclusion from the class.

## Discussion

### A. Impact of *Spokeo* and *Sandusky* on Class Certification

Vein Centers was granted leave to brief the impact of two recent court decisions, *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016), and *Sandusky Wellness Center, LLC v. Medtox Scientific, Inc.*, 821 F.3d 992 (8th Cir. 2016), on continued class certification in this case.

In *Spokeo*, a consumer brought an action under the Fair Credit Reporting Act after learning that a "people search engine" website was disseminating incorrect personal information about him. 136 S. Ct. at 1544. After the district court dismissed the complaint for lack of standing, the Ninth Circuit reversed and found the consumer had adequately alleged injury in fact, as required for Article III standing.[1] *Id*. In its review, the Supreme Court took no position on whether the Ninth Circuit was correct in ruling that the consumer had alleged injury in fact. *Id*. at 1550. Instead, the Court reminded the lower court that injury in fact requires a plaintiff to allege an injury that is both "concrete *and* particularized." *Id*. at 1545 (quoting *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 180-81 (2000)(emphasis added)). The Court reversed and remanded, finding the Ninth Circuit's analysis incomplete for not distinctly discussing the particularization and concreteness of the harm. *Id*. at 1550.

The second recent court decision, *Sandusky*, is factually similar to this case. 821 F.3d 992 (8th Cir. 2016). A chiropractic center brought a class action under the TCPA after receiving unsolicited facsimile advertisements about lead testing.

---

[1] Article III of the Constitution grants federal courts the judicial power of the United States, however, this power extends only to actual cases and controversies. Art. III, § 2; *Raines v. Byrd*, 521 U.S. 811, 818 (1997). Limiting Article III standing to sue prevents an imbalance in the powers of the political branches. *Spokeo*, 136 S.Ct. at 1547. Through its case law, the Supreme Court has established that standing to sue consists of three elements: "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id*. (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

*Id*. at 994.  The Eighth Circuit reversed the district court's denial of class certification under Rule 23, Fed.R.Civ.P., and discussed with approval the class definition:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages regarding lead testing services by or on behalf of Medtox, and (3) which did not display a proper opt out notice.

*Id*. at 996.  The Eighth Circuit rejected the argument that a class definition including persons who "were sent" faxes is unascertainable.  The appellate court found that the TCPA's "recipient" of the fax, or the person or entity with an authorized private right of action, is "the person or entity that gets the fax."  821 F.3d at 997 (citing 47 U.S.C. § 227(b)(1), (b)(3)).  The court said the best objective indicator of the "recipient" of a fax is the "person who subscribes to the fax number."  *Id*.  Ultimately, the court held that the fax logs in the record, which show the numbers that received the faxes, are objective criteria that make the recipient clearly ascertainable.  *Id*.

Defendant Vein Centers combines the holding in *Spokeo* (class members must have a concrete injury to have standing) with the holding in *Sandusky* (only a "recipient" can sue under the TCPA) to assert that the class in this case must be

decertified because plaintiff Heart Center cannot show that a junk fax was successfully received, causing concrete injury to every potential class member.[2]

The Supreme Court's discussion of standing in *Spokeo* reinforces the Article III requirements, but does not add any new burden for demonstrating an injury in fact. *Spokeo* does not alter my previous finding that anyone within the Rule 23, Fed.R.Civ.P., certified class definition here has Article III and statutory standing under the TCPA.[3] Additionally, the Eighth Circuit's approval of the class definition in *Sandusky*, which also included members who were "sent" a junk fax, affirms that the class definition here is ascertainable. Class decertification based on the recent decisions *Spokeo* and *Sandusky* is unwarranted.

**B. Summary Judgment**

In determining whether to grant a motion for summary judgment, the court views the facts – and any inferences from those facts – in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The movant bears the burden of establishing that (1) it

---

[2] Vein Centers also argues that class members cannot show they received the faxes on a "telephone facsimile machine" as required by the TCPA. Neither court in *Spokeo* nor *Sandusky* discusses what qualifies as a "telephone facsimile machine" under the TCPA. These cases add nothing new to my discussion of this issue in a previous order. See ECF No. 42 at 14-15.

[3] Vein Centers argues that the Supreme Court effectively overruled *Golan*, 788 F.3d 814 (8th Cir. 2015), which I relied on in my previous order, when they said that "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo*, 136 S. Ct. at 1549. The Supreme Court held that "a bare procedural violation, divorced from any concrete harm" does not satisfy Article III's injury-in-fact requirement. *Id*. However, the Court also said that the risk of real harm can satisfy the concreteness requirement. *Id*. Under the allegations here, recipients of unsolicited faxes were at risk of experiencing the real harms which the TCPA was designed to prevent. See ECF No. 42 at 12-15.

is entitled to judgment as a matter of law and (2) there are no genuine issues of material fact. Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, however, the non-moving party may not rest on the allegations in its pleadings but must, by affidavit and other evidence, set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e).

Plaintiff Heart Center is not entitled to judgment as a matter of law because the undisputed evidence does not show that any individual person meets the class definition. Similar to *Sandusky*, a common question of fact exists as to whether each class member successfully received an unsolicited fax from Vein Centers. 821 F.3d at 998.

As to the named class representative, Heart Center asserts as undisputed that its owner Dr. Ronald Weiss received a junk fax from Vein Centers on September 15, 2009, as part of a fax blast sent by Westfax to cardiologists on that date. ECF No. 83 at ¶ 29, 34. However, the date on the junk fax submitted by Heart Center and Dr. Weiss's own deposition testimony suggest the fax was actually received a year earlier, on September 15, 2008. ECF No. 5-4; ECF No. 83-2 at 34:6-36:22. There is no evidence in the record of a batch fax broadcast by Westfax on behalf of Vein Centers on September 15, 2008. A factual dispute remains as to whether the named class representative received one of the junk faxes at issue in this case.

As to the remaining potential class members, the undisputed evidence presented on the motion cannot show that any individual person is a member of the class. Although Heart Center provides evidence of the *number* of successfully transmitted junk faxes by Vein Centers, there is no evidence of exactly *which* fax numbers successfully received the junk faxes. Without fax logs of successful transmissions or other such evidence, no potential class member can prove they were "sent" a junk fax, as required by the class definition. The court can determine whether potential class members' claims are invalid, even after class certification. See *Chapman v. Wagener Equities*, 747 F.3d 489, 492 (7th Cir. 2014). Unless Heart Center has other evidence proving that notified class members were successfully sent a junk fax, this case appears ripe for summary judgment for Vein Centers.

## **Conclusion**

Genuine disputes of fact remain with regard to the claim of the named class representative, so he is not entitled to summary judgment. As to the remaining class members, class membership is ascertainable in theory, but not as applied to the evidence currently before the court. Heart Center's motion for summary judgment is denied. It appears appropriate for Vein Centers to file its own motion either for summary judgment as to the absent class members, or to decertify the

class as to lack of evidence of valid class members.  If no motion is filed, the court will set this case for a telephone conference to determine an appropriate trial date.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Heart Center's motion for summary judgment [ECF No. 81] is **DENIED**.

**IT IS FURTHER ORDERED** that defendant Vein Centers will have thirty (30) days from the date of this order to file either a motion for summary judgment or motion for class decertification.  If no motion is filed within this time period, the court will set this case for a telephone scheduling conference to discuss an appropriate trial date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 7th day of February, 2017.