UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ST. LOUIS HEART CENTER, INC., ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12 CV 174 CDP |
| ) | |
| VEIN CENTERS FOR EXCELLENCE, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION**

This Telephone Consumer Protection Act case is before me for decision after the parties waived a bench trial and submitted it to the court based on the stipulations. For the reasons that follow, I conclude that plaintiff St. Louis Heart Center, Inc. is entitled to $500 in statutory damages from defendant Vein Centers for Excellence, Inc. I will therefore enter judgment in favor of plaintiff in that amount.

### Findings of Fact

This case involves the receipt of a single advertising facsimile received by Plaintiff. Defendant purchased the telephone number of Plaintiff's owner, Ronald Weiss, from InfoUSA, and contracted with Westfax to have Westfax send Plaintiff a fax. The fax at issue contained a toll-free telephone number, a local fax number,

and an email address by which the recipient could contact Defendant to opt out of receiving future advertising faxes. Plaintiff did not attempt to opt out of receiving future faxes, or otherwise contact Defendant to express that it did not consent to receiving such faxes or to ask Defendant to cease sending faxes to Plaintiff. Defendant complied with opt out requests when it received them, by contacting the company that sent the fax and instructing it not to send any additional faxes to those who opted out.

Plaintiff St. Louis Heart Center, Inc. brought Count I of this action as a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). The Court initially certified a class on Count I under Fed. R. Civ. P. 23. While a class was certified, the Court denied summary judgment to both parties on the class claims. The class was then decertified by the Court's Memorandum and Order dated July 5, 2017. ECF No. 109.

Defendant has agreed to concede its liability to Plaintiff St. Louis Heart Center, Inc. for one violation of the TCPA under Count I. There are no other counts still pending under the complaint. The Defendant does not concede the applicable amount of damages. The parties leave to the Court the assessment of damages.

Defendant was not aware of the existence of the TCPA until this lawsuit was filed. Neither Westfax nor InfoUSA told Defendant about the TCPA. Defendant did not intend to violate the TCPA by contracting with Westfax to send a fax to Plaintiff. Plaintiff concedes that its actual monetary loss from Defendant's violation of the TCPA does not exceed $500. Plaintiff concedes that Defendant's TCPA violation was not willful or knowing, such that statutory damages could be trebled.

## Conclusions of Law

Among other things, the TCPA prohibits the use of any telephone facsimile machine to send to another telephone facsimile machine an unsolicited advertisement. 47 U.S.C. § 227(b)(1)(C). A person or entity may bring a private right of action for a violation of the TCPA, in which they may "recover for actual monetary loss from such a violation, or [] receive $500 in damages for each such violation, whichever is greater." 47 U.S.C. § 227(b)(3)(B). In the case of a TCPA violation that is "willfully or knowingly" done, "the court, may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times." 47 U.S.C. § 227(b)(3)(C).

Defendant Vein Centers has conceded its liability to plaintiff Heart Center for one violation of the TCPA and the only issue before the Court is the amount of

damages. The parties have agreed that the single TCPA violation was not willful or knowing, and that the actual monetary loss from the violation was less than $500. As a result, based on a plain reading and application of the TCPA statute, I find in favor of plaintiff St. Louis Heart Center, Inc. against defendant Vein Centers for Excellence, Inc. in the amount of $500.

## Conclusion

As I have concluded that the statutory damage amount of $500 applies to this single violation of the TCPA, I will enter judgment in favor of plaintiff St. Louis Heart Center, Inc. in that amount. A separate judgment consistent with this opinion will be entered today.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 5th day of October, 2017.